UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ANTOINETTE SOEHL,

        Plaintiff,

    -against-

DOVER CATERERS, DOVER HOSPITALITY
SVC., INC. and BUTCH YAMALI,

        Defendants.
----------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

★    SEP 28 2010    ★

LONG ISLAND OFFICE

**ORDER**
**CV-09-2219(SJF)(WDW)**

FEUERSTEIN, J.

On May 26, 2009, plaintiff Antoinette Soehl ("plaintiff") commenced this action *pro se* against defendants Dover Caterers and Dover Hospitality Svc., Inc. (collectively, "Dover") alleging employment discrimination based upon her age and disability in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and Americans with Disabilities Act, 42 U.S.C. §§ 12112, *et seq.*, respectively. On October 7, 2009, plaintiff, represented by counsel, filed an amended complaint which, *inter alia*, added Butch Yamali ("Yamali"), in his individual and official capacity, as a defendant and asserted an aiding and abetting discrimination claim against him pursuant to New York Executive Law §§ 290, *et seq.* By electronic order dated July 14, 2010, the motion of Dover and Yamali (collectively, "defendants") to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was referred to Magistrate Judge William D. Wall for a report and recommendation in accordance with 28 U.S.C. § 636(b). By Report and Recommendation dated August 23, 2010 ("the Report"), Magistrate Judge Wall recommended, *inter alia*, that defendants' motion be

1

granted. Pending before the Court are plaintiff's objections to so much of the Report as recommends granting defendants' motion to dismiss. For the reasons stated herein, the Court accepts Magistrate Judge Wall's Report in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

Plaintiff contends, *inter alia*, that Magistrate Judge Wall erred, *inter alia*: (1) in finding

that her amended complaint failed to indicate (a) when or if she returned to work, (Obj., ¶ 8), and (b) "that Dover did not to [sic] change her status," (Obj., ¶ 11); and (2) in finding that she "has not provided a single factual allegation regarding any action by defendants within Three Hundred (300) days of her filing her July 2, 2008, EEOC charge," (Obj., ¶ 12). According to plaintiff, she first learned that she was terminated, i.e., that she would not be taken "out of terminated status," on November 7, 2007 and she timely filed her EEOC charge two hundred thirty-seven days thereafter. (Obj., ¶ 13).

Upon *de novo* review of so much of the Report as recommends granting defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and consideration of plaintiff's objections and defendants' responses thereto, plaintiff's objections are overruled. There being no clear error apparent on the face of the remainder of the Report, the Report is accepted in its entirety.

II. Conclusion

Upon *de novo* review of the Report, plaintiff's objections are overruled, the Report is accepted in its entirety, defendants' motion to dismiss is granted and the amended complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 28, 2010
Central Islip, New York